## MICHAEL LALLEY *v.* HENRY S. TRUITT.

A third person in whom property is pleaded in an action of replevin, is not a competent witness for the defendant that he and the plaintiff were partners in business, and that it was partnership property of theirs when it was seized in execution as such, at the suit of another against him solely.

ACTION of replevin for a carriage worth $250. The defendant was a constable and had taken it in execution on a judgment at the suit of the firm of W. R. & H. Gause against one Dominic O'Connor, individually, as the property of him and the plaintiff as partners in the trade and carriage making business. The plaintiff denied the partnership and claimed to be the sole owner of it. The case was tried before Wootten and Houston, Judges, and O'Conner having been called as a witness

for the defendant to prove the partnership between him and the plaintiff, and that the carriage belonged to them as equal partners in the carriage making business.

*Spruance*, for the plaintiff, objected to his competency, because he was .interested in the event of the suit, for if it should result in favor of the defendant, his half of the partnership property which was worth $250, would more than pay the execution which the defendant had levied upon it at the suit of W. R. & H. Gause against him individually, and the whole of his individual debt to that firm would thus be discharged by the direct effect of his own testimony on that point.

*Harrington*, for the plaintiff. If O'Connor was a partner with the plaintiff in the business, and as such, was a joint owner of the carriage with him at the time it was levied on, then he is a competent witness to prove the fact, because he can neither gain or lose anything by the result of the suit, for although in the event suggested on the other side, the result of the suit would be to entirely discharge the debt he owes to the plaintiffs in the execution in the hands of the defendant against him, yet if the defendant does not prevail in the suit, and O'Conner is a partner and a joint owner with the plaintiff of the carriage, the latter will be none the worse off by reason of it, for while he will in that event continue to owe the amount of the debt to them, he will also have on the other hand at the same time that amount of property to pay it.

*Wootten, J.*, was clearly of the opinion that the witness was incompetent to prove the partnership.

*Houston, J.* This is an action of replevin and the only plea and defence is that the carriage in question was the partnership property of a firm consisting of the plaintiff, Lalley, and the person called as a witness, O'Conner, and that the defendant as constable, levied on it an execution

in his hands at the suit of W. R. & H. Gause against O'Conner solely, and the latter is now called as a witness for the defendant to prove the partnership alleged by the defendant, and O'Conner's joint interest in the carriage as a partner with the plaintiff. And here I would observe we never have a case of this kind, that is to say, an action of replevin with a plea of property in another, or a third person, and such third person called as a witness to prove the property as pleaded, that he is not uniformly objected to on the other side as incompetent to prove it. But he is no party to suit, and is in no way liable for any costs in it, nor can the record of it be evidence for or against him in any other suit, and therefore, he is not for that reason, an incompetent witness in the case, and it was so expressly ruled after argument on the point in the case of *Mears & Son v. Waples*, 3 *Houst.* 581. Besides, it was held in that case, that if the interest of such a witness in the result of the case was equally balanced between the parties, as it seems to be in this case, he was a competent witness for the defendant.

.With this difference in opinion between the Judges, the objection to the competency of the witness failed, and he was sworn and examined and proved the partnership alleged by the defendant.

*The Court, Houston J., charged the jury,* That on further reflection since the examination of the witness he had become satisfied that he had been misled by his hasty reference to the ruling in the case of *Mears & Son v. Waples*, 3 *Houst.* 581, and had failed for the moment to observe the distinction which existed between the facts and circumstances of that and this case, and that he, had consequently erred in the opinion then expressed by him, that the witness was competent to prove the alleged partnership between him and the plaintiff in the present suit; and that it would, therefore, be the duty of the Court to instruct the jury to reject and entirely exclude from their consideration in making up their verdict, all

the evidence which had been given by him in the case, because on the facts and circumstances disclosed in it, the witness referred to was interested in the result of it, for a verdict in favor of the defendant would have the direct effect to discharge and satisfy the amount of the execution in the hands of the defendant at the suit of W. R. & H. Gause against him. The *true test of the interest* of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent. Nor must it be of a doubtful nature, for then the objection goes only to the credit, and not to the competency of the witness. Nor is the amount or magnitude, or degree of the interest to be considered or regarded. It is enough if the interest which he has in the result of the suit is direct and certain, however small it may be. 1 *Greenl. Ev. secs.* 390, 391.

The defendant had a verdict.